IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:22-cv-03199-SKC-NRN

NUTRIEN AG SOLUTIONS, INC., a Delaware corporation,

        Plaintiff,

v.

AMAZING GRAINS FARM,
MST AGRI, LLC,
JLT AGRI, LLC,
MICHAEL THEDE, and
JEAN THEDE,

        Defendants.

## ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT

This Order addresses (1) Defendants Amazing Grain Farm's; MST Agri, LLC's; JLT Agri, LLC's; Michael Thede's; and Jean Thede's (Defendants) Motion to Set Aside Clerk's Entry of Default and for Extension of Time to Answer or Otherwise Respond to Complaint (Motion to Set Aside), Dkt. 20[1], and (2) Plaintiff Nutrien Ag Solutions, Inc.'s Motion to Strike Unauthorized Answer (Motion to Strike), Dkt. 23. The Court has reviewed the Motions and related briefing (including Plaintiff's Sur-Reply to the Motion to Set Aside). No hearing is necessary. For the reasons stated herein, the Court GRANTS the Motion to Set Aside, ORDERS the Clerk's Entry of Default be set

---

[1] The Court uses "Dkt. ___" to refer to entries in the CM/ECF Court filing system.

1

aside, ACCEPTS Defendant's Answer, Dkt. 22, as filed, DENIES AS MOOT the Motion to Strike, and ORDERS the parties to contact Magistrate Judge Neureiter's Chambers within 14 days of this Order to set the Scheduling Conference.

### A. PROCEDURAL HISTORY

Plaintiff filed its Complaint on December 12, 2022. Dkt. 1. It served the summons and complaint on all Defendants—except Defendant Jean Thede—on December 27, 2022, making their answer or other response due by January 17, 2023. *See* Dkts. 7-9, 11. Plaintiff served Defendant Jean Thede on January 3, 2023, making her answer or other response due on or before January 24, 2023. *See* Dkt. 10. Defendants failed to timely answer or otherwise respond to the Complaint.

On January 19, 2023, Plaintiff filed its Request for Entry of Clerk's Default against Defendants other than Jean Thede. Dkt. 12. Six days later, on January 25, 2023, Plaintiff filed its Request for Entry of Clerk's Default against Defendant Jean Thede. Dkt. 14. The Clerk of the Court, however, informed Plaintiff on January 30, 2023, that the Clerk would not be entering default against any of the Defendants because Plaintiff had failed to comply with the requirements of the Service Members Civil Relief Act. Dkt. 15. Plaintiff then filed its second Request for Entry of Clerk's Default against all Defendants on February 2, 2023. Dkt. 17. The Clerk of Court entered default against all Defendants on February 6, 2023. Dkt. 18.

The next day, Defendants' attorney entered his appearance, and Defendants filed their Motion to Set Aside. Dkts. 19, 20. The Motion to Set Aside asks the Court

2

to set aside the Clerk's Entry of Default and to grant Defendants an extension to answer or otherwise respond to the Complaint. Dkt. 20, p.7.

Meanwhile, on March 7, 2023, Defendants filed their Answer. Dkt. 22. Plaintiff has moved to strike the Answer as untimely. Dkt. 23. No motion for default judgment has been filed, nor has default judgment entered.

## B.   DISCUSSION

Rule 55(c) requires a showing of good cause to set aside an entry of default. *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing Fed. R. Civ. P. 55(c)). The principal factors in determining whether a defendant has met the good cause standard are: (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *Id.* (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)); *Gray v. Knight Sec. & Patrol, Inc*, No. 16-cv-03086-PAB-KLM, 2017 WL 11569537, at *2 (D. Colo. May 26, 2017) (citing *Hunt*, 1995 WL 523646, at *3). These factors are not "talismanic," and the court may consider other factors, and the court need not consider all the factors. *Hunt*, 1995 WL 523646, at *3. Ultimately, "[g]uiding the Court's analysis is the time-honored principle that '[t]he preferred disposition of any case is upon its merits and not by default judgment.'" *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (quoted authority omitted).

If the default was the result of the defendant's culpable conduct, the court may refuse to set aside the default on that basis alone. *Hunt*, 1995 WL 523646, at *3 (quoted authority omitted). Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default. *Id.*; *see also Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir. 1987), *cert. denied,* 484 U.S. 976 (1987) (receiving actual notice of complaint and failing to respond is culpable conduct). But the Court need not find the issue of culpable conduct dispositive. *See Gray*, 2017 WL 11569537, at *2, *3 (finding defendant's conduct culpable but still setting aside the entry of default).

The Court finds Defendants' conduct culpable, but only mildly so. True, Defendants were served the Complaint and failed to answer or otherwise respond to it. But Defendants also explain in the Motion to Set Aside:

> Defendants are located in Nebraska and had a difficult time locating and retaining a Colorado attorney to represent them in this matter. They interviewed six attorneys before finding current counsel who is willing to represent them. The process of setting appointments and meeting with each attorney and then following up and setting additional appointments with each subsequent attorney recommended by the previous attorney was time consuming and difficult.

Motion to Set Aside, ¶3.[2]

---

[2] The Court also notes that Defendants were served during the week between the Christmas and New Year holidays (and one was served on January 3).

On the countervailing consideration of prejudice to the Plaintiff, the Court finds that no prejudice exists. Indeed, Plaintiff does not allege any prejudice to itself in its Response to the Motion to Set Aside. *See* Dkt. 21. "[S]etting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Pharmatech Oncology, Inc. v. Tamir Biotechnology, Inc.*, No. 11-cv-01490-LTB-KMT, 2011 WL 4550202, at *10 (D. Colo. Oct. 3, 2011) (citations omitted). Considering this case is in the early stages of litigation, Plaintiff will not be unduly prejudiced in posturing this case for a resolution on its merits. *See* Wright & Miller §2699 Fed. Prac. & Proc. Civ. § 2699 (4th ed.) (quoting *Jackson v. Delaware County*, 211 F.R.D. 282, 283 (E.D. Pa. 2002)) ("The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice."). And delay or increased litigation costs alone are insufficient to avoid setting aside the entry of default. *Pharmatech Oncology*, 2011 WL 4550202, at *10.

The parties spend much time arguing over whether a meritorious defense exists. Their extensive arguments on the point suggest to the Court that a meritorious defense indeed does exist. The Court finds that (at least some of) the defenses proffered by Defendants in the Motion to Set Aside and their Reply appear

meritorious (at least as described in their filings). The Court does not, however, rule on the ultimate likelihood of success of any of their stated defenses.[3]

Accordingly, the Court finds good cause to GRANT the Motion to Set Aside. The entry of default is hereby set aside, and Defendants' Answer is accepted as filed. The Motion to Strike is DENIED AS MOOT.

The parties are ORDERED to contact Magistrate Judge Neureiter's Chambers within 14 days of this Order to set a Scheduling Conference.

---

[3] The parties disagree with the procedural propriety of Defendants' filings. In Defendants' Reply, they state that, after further consultation with their newly entered attorney, they have identified several other potential defenses. *See* Dkt. 24, §§II.A-C. Defendants also state, "Instead of filing or seeking to file an amended Motion to Set Aside, Defendants will set forth the details of the additional defenses in this reply and do not oppose the filing of a sur-reply by Plaintiff." *Id.* at §I. Plaintiff correctly points out that Defendants raised new defenses in their Reply. Dkt. 26, p.1. Plaintiff further notes that Defendants effectively sought leave to amend their proposed Answer deadline in their Reply, thus violating Local Rule 7.1(d). *Id.* at pp.2-3.

But the Court also notes that Plaintiff availed itself of Defendants' invitation to file a Sur-Reply and did not seek leave of the Court to do so. *See Jordan v. Forbes*, No. 1:19-cv-02660-RM-SKC, 2021 WL 2792336, at *2, n.4 (D. Colo. Apr. 22, 2021) ("the Federal Rules do not contemplate sur-replies"). Neither party having been exemplars of following the rules, the Court declines to consider these procedural arguments. Both parties are admonished to review the Federal Rules of Civil Procedure, the Local Rules of Practice, the Uniform Civil Practice Standards, and the undersigned's Standing Order for Civil Trials, and to comport all future filings and interactions with these requirements.

7

DATED: February 2, 2024.

BY THE COURT:

S. Kato Crews
Unites States District Judge