IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Case No. 1:22-cv-03199-SKC-NRN

NUTRIEN AG SOLUTIONS, INC., a Delaware corporation,

    Plaintiff,

v.

AMAZING GRAINS FARM, a Nebraska general partnership, *et al.*,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. 53)

---

The above-referenced Motion is now before the Court. Plaintiff seeks summary judgment on its First and Second Claims, each alleging breach of contract or guaranty, against Defendants Michael and Jean Thede.[1]

Summary judgment is warranted when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). Conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary

---

[1] The First Claim for Relief is against both Thedes. The Second Claim for Relief is only against Michael Thede.

judgment evidence. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

Even when, as here, a party fails to file a response opposing a motion for summary judgment, the Court is obligated to ensure the movant has satisfied the standard under Rule 56. As the Tenth Circuit explained in *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1255 (10th Cir. 2017), "in granting summary judgment based upon a failure to respond, a district court must still determine that summary judgment is appropriate." *See also* Fed. R. Civ. P. 56(e)(3) advisory committee's notes to 2010 amendment.

The Motion is bare boned, suggesting little effort by Plaintiff to meet its burden under Rule 56. And to be sure, Plaintiff has not met its burden. Among others, the following material facts are either genuinely disputed or are not established by the Motion by any competent Rule 56 evidence:

1. Whether the unpaid principal balance of $579,412.26 (or any amounts) is yet due and owing under the agreements. *Compare* Dkt. 53, ¶4 and Dkt. 1 (Complaint), ¶¶24, 25, 28, 29, 33, 40 *with* Dkt. 22 (Answer), ¶¶24, 25, 28, 29, 33, 40.

2. The applicable payment terms under the agreements.

3. Breach or default of the applicable payment terms.

4. When any outstanding amounts became due and owing under the agreements.

It isn't enough that Plaintiff attests there is an amount (or amounts) unpaid and owed by the Thedes when the Thedes have denied they owe anything. Without more, this alone creates a disputed issue of material fact. Plaintiff does not direct the

Court to any specific contractual provision(s) regarding the applicable payment terms under the agreements at issue, or facts or evidence which demonstrate a default or breach of those payment terms to show the lack of any genuine dispute that the principal balance (or any amounts) is now due and owing by the Thedes. *See* Fed. R. Civ. P. 56(c)(1).

"Judges are not like pigs, hunting for truffles buried in briefs." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (citation and quotations omitted). The Court has no obligation to scour the record in search of evidence to support any factual assertions, and where inadequate record citations have been made, the Court has ignored them. *See id.* ("Without a specific reference, [courts] will not search the record in an effort to determine whether there exists dormant evidence. . . .") (cleaned up); *see also Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) ("The district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him.").

The Motion is DENIED.

DATED: July 28, 2025

BY THE COURT:

S. Kato Crews
United Stated District Judge